UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| DERRICO DONTA HOLLAND, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV614-101 |
| | ) | CR613-009 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Derrico Donta Holland pled guilty to violating 18 U.S.C. 922(g)(1) -- Possession of a Firearm by a Convicted Felon. Docs. 34 & 35.[1] In doing so, he waived his direct appeal and collateral review rights,[2] doc. 34 at 6,

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] The agreement states that,

> "[t]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in *any* post-conviction proceeding, *including* a § 2255 proceeding, on *any* ground, except that: the defendant may file a direct appeal of the sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of the sentence if, by variance or departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

and took no appeal. Now he moves for 28 U.S.C. § 2255 relief. Doc. 37. Upon preliminary review under Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C. § 2255, his motion should be denied.

## I. ANALYSIS

Holland says that he did not appeal his conviction because "[m]y attorney Mr. Byrne told me that it was no need to appeal my case or put in any motion, petition, or application but I wanted to appeal and put in motion[]s."[3] Doc. 37 at 4. In Ground One, he wrote "[w]aives of right to appeal." *Id.* In the "[s]upporting facts" section of his § 2255 form motion he wrote:

---

Doc. 34 at 6 (emphasis added). Holland pleads none of the exceptions here.

[3] Given the significance of what is actually pled at this juncture, the Court is reproducing his § 2255 assertions in verbatim, unedited form.

While Holland claims here and throughout his § 2255 motion that he "wanted" to appeal, he conspicuously does not claim that he *asked* Byrne to file a direct appeal for him. In that regard, he certified that he signed his § 2255 motion "under penalty of perjury that the foregoing is true and correct," doc. 37 at 12, which subjects him to perjury for lying to this Court. *United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

> I feel like my sentencing error caused a miscarriage of justice in my case, my case was based on a constitutionally impermissible factor. I pled guilty based on advice from my attorney that was erroneous and constituted constitutional ineffective assistance of counsel.

*Id.*

Holland does not explain *what* sentencing error he is talking about, much less *how* it caused a "miscarriage of justice." Some indication might be found In "Ground Three: Object to drug offense dates in PSI." Doc. 37 at 7. There he explains (and this is all that he provides in support for this ground): "The superior court of Toombs Co. ran these counts concurrent and its underlie in my PSI in paragraphs 24 & 27, I feel like I should be a career offender, not a armed career criminal because I don't have a bad criminal history." *Id.* at 7.

In Ground Two, Holland contends that he received ineffective assistance of counsel ("IAC") from his lawyer, James Scott Byrne, because:

> Mr. Byrne did not advise me how important it was if I waive my appeal right and 2255 motion. I didn't understand my appeal rights because my lawyer didn't explain it to me step-by-step. I ask him about my motion and he told me that my case is very simple and I don't have no win in this case, I wasn't satisfied of him being my attorney and I didn't want to say nothing in court because I know how upsit he was going to get and I feel like this the right way to do this matter and hope it can be resolve a better way.

3

Doc. 37 at 5.

Responding to his § 2255 form's question whether he raised this issue in any appeal from his conviction, Holland wrote: "I didn't want my attorney to get ups[e]t with me because everything I ask him about my case he get mad." *Id.* at 6; *see also id.* ("My attorney didn't want to put in a[n] appeal."); *id.* at 8 ("My attorney said it would be no need."). For the form's relief requested section, he wrote only: "Was miscarriage of justice in the case, was based on constitutionally impermissible factor, based on advice from my attorney that was erroneous and constituted constitutional ineffective assistance of counsel, and the penalty offense for previous convictions." *Id.* at 12.

Holland independently waived all of his pre-plea claims merely by pleading guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). He waived all post-plea, non-IAC claims (hence, all of the above-noted, non-IAC claims) with his plea agreement's double waiver. *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009); *United States v. Orozc-Picazo*, 391 F. App'x 761, 771 (11th Cir. 2010) (defendant's appeal waiver in pleading guilty to drug and gun conspiracy charges precluded appellate review of

his claim that district court erred in imposing consecutive sentences; district court questioned defendant concerning appeal waiver during plea colloquy, and it did not impose sentence that was higher than that called for by advisory guidelines).

Finally, his double waiver precludes all IAC claims[4] except those going to the validity of his guilty-plea agreement (e.g., that counsel misled or coerced his client into pleading guilty/waiving his rights, or in some way materially bungled the plea offer to the extent that a client

---

[4] Even within an IAC claim, Holland must surmount several hurdles:

> "During plea negotiations defendants are 'entitled to the effective assistance of counsel.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To establish ineffective assistance, a defendant must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the first prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To establish prejudice, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Where, as here, the petitioner challenges his guilty plea based on his counsel's alleged deficient performance, he can show prejudice only if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

*Winthrop-Redin v. United States*, ___ F. 3d ___, 2014 WL 4699391 at * 7 (11th Cir. Sept. 23, 2014). Thus, Holland "must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial.' *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006)." *Smith v. United States*, 2013 WL 6632637 at *1 (N.D. Ill. Dec. 16, 2013).

would not knowingly and intelligently accept it).[5] *Winthrop-Redin,* 2014 WL 4699391 at * 4 (a conviction is open to collateral attack if it is based upon a plea induced by promises or threats that deprive it of the character of a voluntary act). If the record reveals that the movant did *not* receive ineffective assistance of counsel at that phase, then there is no need for a hearing, and the Court can rule on that claim on the merits. *Winthrop-Redin,* 2014 WL 4699391 at * 5; *Patel,* 252 F. App'x at 975; *Johnson,* 2013 WL 6799204 at * 5-8.

Here there is no guilty-plea hearing transcript in the record, and no government response brief (again, this case is under initial Rule 4(b) review). Often cases like this necessitate the generation of both the transcript and a government response to determine whether the movant effectively waived his rights to direct and collateral review. Yet, ordering

---

[5] *See Patel v. United States,* 252 Fed. App'x 970, 974-75 (11th Cir. 2007) (IAC claim figuring into validity of defendant's guilty plea is not barred by double waiver) (citing *Williams v. United States,* 396 F.3d 1340, 1342 n. 2 (11th Cir. 2005) ("there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement."); *United States v. Smith,* 759 F.3d 702, 708 (7th Cir. 2014) ("Smith knowingly and voluntarily waived his appellate rights, including his right on appeal to contend that his counsel below was ineffective as to any matter *other than* the waiver and his negotiation of it.") (emphasis added); *Eason v. United States,* 2014 WL 4384652 at * 1 (S.D. Ga. Sept. 3, 2014); *Fulmer v. United States,* 2014 WL 1698880 at * 2 (S.D. Ga. Apr. 29, 2014); *McClendon v. United States,* 994 F. Supp. 2d 1351, 1354-55 (S.D. Ga. 2014); *Johnson v. United States,* 2013 WL 6799204 at * 4 (M.D. Fla. Dec. 23, 2013).

that up here -- where Holland pleads no specific *invalidity* facts -- defeats the very bargain the government secured: It gave him certain benefits in exchange for sparing the taxpayers that expense (attorney time to respond to his § 2255 motion, transcription expenses, etc.). So to order a transcript and response here, upon the bare stub of an IAC allegation that costs nothing to make (there is not even a filing fee charged for § 2255 motions), would simply neutralize much of the prosecution's bargain.

That is why the Eleventh Circuit's heightened pleading burden must be honored. *Chavez v. Sec'y Fl. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("The allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing."); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing

his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D. Ga. Apr. 28, 2014).[6]

Movants like Holland therefore must plead something more than "my attorney was ineffective," or "I would not have pled guilty had he done a better job," or -- what Holland essentially pleads here -- "he didn't explain it all *enough* for me to appreciate the consequences." Such assertions, after all, are what all "buyers-remorse" movants can claim in order to slip out of their plea bargains, if not also win a day-out-of-jail card for a wasteful evidentiary hearing. Hence, § 2255 movants like Holland must plead that counsel actively misled them, failed to communicate a plea offer, coerced them, etc. *See Hopkins*, 2014 WL

---

[6] It follows that conclusory and "laundry-listed" claims go nowhere:

> "Those who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)." *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Hopkins v. United States*, 2014 WL 2624425 at * 1 n. 3 (S.D. Ga. June 12, 2014).

2624425 at * 1 (rejecting similar claim at pleading stage because "none of her IAC claims challenge the voluntariness of her plea -- an indispensable minimum needed to defeat a double waiver (of both the right to a direct appeal and the right to collaterally attack the conviction)."); *McClendon*, 994 F. Supp. 2d at 1354-55; *compare Patel*, 252 F. App'x at 975 (movant's allegation that his plea was involuntary because his attorney and family members coerced him into pleading guilty could be entertained in a § 2255 motion, despite a collateral attack waiver).

Holland fails to sufficiently plead invalidity here. Doc. 37 (claiming "ineffective assistance" but supplying no specific factual pleading, for example, that counsel misled or coerced him into waiving his rights, bungled a better plea offer, etc.).[7] The record reflects that he

---

[7] Suffice it to say that "I didn't want to upset my lawyer" -- in essence what Holland claims to excuse his not speaking up and objecting to the plea agreement that he himself signed, doc. 34 at 11 -- will not fly. Counsel worked for *Holland*, not vice-versa, and he does not claim that he was confused about that fundamental fact. And "not wanting to hurt my lawyer's feelings" at best is a laughable reason for consenting to a plea-bargained, double-waiver.

Holland also insists counsel failed to "explain it to me step-by-step. . . ." Doc. 37 at 5. Of course, *every* § 2255 movant can make that claim, which would bog the courts down in endless evidentiary hearings aimed at uncovering precisely *what* was not *sufficiently* explained, how many more steps should have been taken to ensure adequate understanding, etc. As the Eleventh Circuit said in *Borden*, "[w]hatever the claim . . . the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition." *Borden*, 646 F.3d at 810. Holland thus should be aware of and be able to plead precisely what was not fully explained to him, and how

waived his right to file this § 2255 motion. Absent any sufficiently pled claim that his waiver was not made knowingly and voluntarily, the Court will not be put to the expense of preparing a transcript of the guilty-plea hearing, much less holding a § 2255(b) evidentiary hearing. *Winthrop-Redin*, 2014 WL 4699391 at * 5 ("The district court did not abuse its considerable discretion in declining to hold a § 2255(b) evidentiary hearing because Winthrop-Redin's involuntary plea claim is based only on conclusory and incredible allegations."). As in *Mingo v. United States*, 2014 WL 4702577 at * 1 (S.D. Ga. Sept. 22, 2014); *Eason, Fulmer, McClendon,* and *Hopkins,* all of which applied substantively identical double waivers, Holland's § 2255 motion is dead on arrival.

## II. CONCLUSION

Derrico Donta Holland's § 2255 motion must be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no

---

it undermined the voluntariness of his plea. If what he has pled here (equivalent to "well, I just didn't understand, so I deserve a do-over") were the standard, there would simply be no finality in criminal cases.

10

non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

Finally, the Court notes that attorney Byrne failed to file a Notice of Post-Conviction Consultation Certification, which is required in cases before this Court.[8] *See, e.g., United States v. Smith*, CR614-012, doc. 26

---

[8] As explained in *Mingo,* 2014 WL 4702577 at * 1, *Eason,* and *Ortega v. United States*, 2014 WL 3012657 (S.D. Ga. July 2, 2014), lawyers ordinarily have a duty to consult with their client about taking a direct appeal -- even in appeal-waiver cases. *See Ortega,* 2014 WL 3012657 at * 1; *United States v. Henderson*, 2014 WL 4063930 at * 2 (E.D. La. Aug. 13, 2014) (citing this Court's Notice form in granting a second-chance appeal: "It is clear that, even though Henderson waived virtually all of his post-conviction and appellate rights, his counsel's failure to file a requested notice of appeal constitutes *per se* ineffective assistance of counsel.").

Every lawyer's failure to do so (and file the Notice proving that fact) can result in costly evidentiary hearings and "second-chance appeals." *Hayes v. United States*, 2011 WL 3468799 at * 5 n. 5 (S.D. Ga. Aug. 9, 2011) ("It is not difficult to estimate that § 2255 motions like this cost the taxpayers $10,000 or more, and in a time of record national debt."), *adopted*, 2011 WL 4704219 (S.D. Ga. Oct. 6, 2011). The costs associated with conducting the hearing (appointment of counsel for defendant, transporting him from a distant prison, burdening the court's time and limited resources) are avoided where defense counsel simply files the Notice reflecting his client's wishes regarding an appeal.").

Hence, this Court has developed a form designed to memorialize counsel's consultation with his client and reflect the client's wishes regarding an appeal. *See Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (noting that the Notice of Counsel's Post–Conviction Obligations requires that both counsel and client execute the form, thus preserving a record of defendant's instructions regarding an appeal). It also has recently given new emphasis to that form by cautioning counsel that the failure to utilize it following a conviction will result in these consequences: (1) counsel appointed under the Criminal Justice Act will not be paid for their services, and (2) counsel (whether retained or appointed) may be subject to sanctions, to include paying some or all of the expenses associated with

(S.D. Ga. Sept. 4, 2014). If he is in possession of an executed Certification, he is **DIRECTED** to file it immediately. And if he is not, then he must, within 14 days of the date this Order is served, file an affidavit explaining why not.

**SO REPORTED AND RECOMMENDED** this __14TH__ day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

conducting a § 2255 hearing that would have been unnecessary had the form been used.